IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC
2008 MAR 24  P 12: 42

| | |
|---|---|
| Michael Louis Johnson, #285485, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Colie Rushton, Warden; Henry ) <br> McMaster, Attorney General for ) <br> South Carolina, ) <br> ) <br> Respondents. ) <br> _____ ) | Civil Action No.: 6:06-2544-SB <br><br> **ORDER** |



This matter is before the Court upon Petitioner Michael Louis Johnson's ("the Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a Report and Recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b). In the R&R, Magistrate Judge William M. Catoe recommends that the Court grant the Respondents' motion for summary judgment and deny the Petitioner's motion for summary judgment. Attached to the R&R was a notice advising the Petitioner of his right to file written objections to the R&R within ten days of being served with a copy of that report. See 28 U.S.C. § 636(b)(1). After being granted an extension of time, the Petitioner filed timely objections, and the matter is ripe for review.

## BACKGROUND

The record reveals that the Petitioner is currently confined in the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to commitment orders from the Greenville County Clerk of Court. The Greenville County Grand Jury indicted the petitioner at the October 1998 term of court for murder

(98-GS-23-5129). On May 24-25, 1999, the Petitioner, who was represented by attorney Clay T. Allen, received a jury trial before the Honorable H. Dean Hall. The jury convicted the Petitioner of murder, and Judge Hall sentenced him to life imprisonment.

The Petitioner timely filed a notice of appeal. Assistant Appellate Defender Robert M. Dudek represented the Petitioner on appeal. On February 9, 2001, the Petitioner's counsel filed a final Anders[1] brief and a petition to be relieved as counsel, in which the Petitioner's attorney presented the following issue for review:

> Whether the trial judge erred by refusing to suppress appellant's confession where appellant was given Miranda warnings while not in custody, and later confessed to a private polygraph operator, who did not give appellant Miranda warnings even though appellant was then in custody, since the private operator should have given appellant Miranda warnings before advising him to "straighten out" the situation with the police?

(App. at 323.)

Assistant Attorney General Robert E. Bogan represented the State on appeal. By memorandum opinion filed April 2, 2002, the South Carolina Supreme Court affirmed the Petitioner's conviction and granted counsel's motion to be relieved. See State v. Johnson, 2002-MO-028 (S.C. Sup. Ct. April 2, 2002). The South Carolina Supreme Court sent the remittitur to the Greenville County Clerk of Court on April 18, 2002.

On August 30, 2002, the Petitioner filed a pro se post-conviction relief ("PCR") application (02-CP-23-5978), in which he alleged the following grounds for relief:

(1) That the courts lacked subject matter jurisdiction;

(2) Violations of the Miranda Rule;

(3) Ineffective assistance of counsel;

---

[1] See Anders v. California, 386 U.S. 738 (1967).

(4) Violation of the "contrary to" claus[e]; and

(5) Violations of substantive due process of law; and procedural.

(App. at 343.) The Petitioner also filed a motion for appointment of counsel with his PCR application. The State filed its return on February 21, 2003.

On December 3, 2003, the Honorable J. Michael Baxley held an evidentiary hearing into the matter at the Greenville County Courthouse. The Petitioner appeared at the hearing, and attorney Kenneth Gibson represented him. Assistant Attorney General Christopher Newton represented the State. The Petitioner testified on his own behalf, and the State presented the testimony of trial counsel, Clay T. Allen.



On February 6, 2004, Judge Baxley filed an order denying relief and dismissing the Petitioner's PCR application with prejudice. The order addressed the Petitioner's allegations of ineffective assistance of counsel based upon counsel's failure to adequately discuss the case with the Petitioner; counsel's failure to attempt to negotiate a plea bargain on the Petitioner's behalf; counsel's advice that he not testify at trial; counsel's failure to object to testimony that the Petitioner failed a polygraph; and counsel's failure to adequately challenge the admissibility of the Petitioner's statement. The order also addressed the Petitioner's claim that the trial court lacked subject matter jurisdiction as a result of the State's failure to try him within 180 days of his arrest and a procedural due process violation. Based upon the Petitioner's combative behavior at the evidentiary hearing, which ultimately resulted in his removal from the courtroom, Judge Baxley found the Petitioner "in direct, criminal contempt" of court and summarily sentenced him to six months imprisonment, to run consecutive to his life sentence.

A timely notice of appeal was served and filed. Assistant Appellate Defender Robert

M. Pachak represented the Petitioner in collateral appellate proceedings. On September 10, 2004, Pachak filed a <u>Johnson</u> petition for a writ of certiorari and a petition to be relieved as counsel. The only issue presented in the petition for a writ of certiorari was stated as follows: "Whether petitioner should have been held in criminal contempt when his conduct was not directed to the PCR court?" (<u>Johnson</u> Pet. at 2.) The State filed a letter response on September 13, 2004. On November 2, 2004, the Petitioner filed a pro se brief in which he presented the following issues:

   (1) Subject Matter Jurisdiction

   (2) Reasonable Doubt

   (3) Refuse to Let Testify

   (4) Prosecutorial Misconduct

   (5) Direct Verdict

   (6) Malice Instruction

   (7) Ineffective Assistance of Counsel

   (8) Violation of the Miranda Rule

(Appellant's Pro Se Brief at 2.)

On October 19, 2005, the South Carolina Supreme Court filed an order denying certiorari and granting counsel's request to withdraw. The Petitioner filed a petition for rehearing and rehearing en banc on October 28, 2005. The South Carolina Supreme Court denied the rehearing petition on November 17, 2005, and sent the remittitur to the Greenville County Clerk of Court on the same date.

In the present § 2254 petition, the Petitioner asserts the following issues, taken verbatim from his petition:

4

GROUND ONE: Ineffective assistance of counsel's [sic] A). Clay T. Allen, B). Robert M. Dudek (A.A.D.), C). Kenneth Gibson (PCR Counsel) D). Robert M. Pachak (A.A.D.)

Supporting facts: A) Trial counsel violated the appellate [r]ights by (1) [r]efusing to let testify, (2) client and counsel established a conflict of interest, (3) prejudice p[er]formance of investigation, (4) committed p[er]jury, failure to object to the presentment of the state evidence and witness, and (5) waiver of all of defendant (Appellant) constitutional Rights & more. (B) Robert M. Dudek, (c) Kenneth Gibson, (d) Robert M. Pachak, all failed to provide Appellant motion of Discovery[,] which prejudiced Appellant.

GROUND TWO: Lack of subject matter jurisdiction

Supporting facts: (1) To convict a defendant for an offense when there is no Indictment charging [h]im with that offense when the jury was sworn (2) The Indictment failure [sic] to allege the element which deprives the trial court of subject matter jurisdiction to have the facts changes [sic] (3) To conduct a trial of a criminal charge where there has been no Presentment of an Indictment by the grand jury, or a written waiver, To impose a sentence for an offense no charge in the Indictment.

GROUND THREE: Procedural Due process violation

Supporting facts: To incorporate the Reasons, and bring such together, Applicant: Argues of his case, and conviction, was obtained by an illegal tactic [sic] advantage of the courts: and a [fundamental miscarriage of Justice] in that he was not afforded his full constitutional Rights. And equal protection as to those laws: by the state not advising him of his Miranda Rights: prior to questioning and taking statements; as well as being mentally impaired and handicapped by his education level and comprehension: and that further "burden shifting" was done by the State: in addition to the fact that Applicant['s] counsel; never had Represented a client in a murder case; and last, That the Courts proceded [sic] without establishing; and/or acquiring subject matter jurisdiction; in that the state went over the ["180 day rule"]: as well the Court admst. not "clock-date-stamp"

|                  |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
|------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                  | filing the indictment which violated Applicant['s] substantive due process as well as procedural [sic].                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| GROUND FOUR:     | Violation of the contrary to claws [sic].                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                          |
| Supporting facts: | Of further violation, the Applicant would state that the Courts were in violation of the "contrary To Claus," [sic] of regarding applicability of the law: of the law being "unreasonably applied" not to the full extent: incorrect applied "not being applied the Right way or proper: and "erroneous application" meaning the wrong law being applied: all together: of such applicant states that of the transcript of Record: that clearly the judge allowed the Jury as well as the Court: "use preponderance of evidence" to convict the Applicant; when in fact such should have been "beyond a reasonable doubt["]; which is burden shifting, and is procedurally as well as substantively unfair to the Applicant: as it was for the state to prove their case beyond a Reasonable doubt, and not the defendant; as to being innocent. |
| GROUND FIVE:     | Violation of the Miranda Rule                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| Supporting facts: | . . . prior to questioning or being subject to interrogation, such comes into play of which the Applicant was questioned as to the surrounding facts, but the officer never advised (Applicant) of his four main rights, prior to questioning . . . .                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              |
| GROUND SIX:      | Prosecutorial Misconduct                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                           |
| Supporting facts: | Perjury, subornation of perjury and false swearing . . . two other witness[es] testified concerning the presentment of evidence, Police officer testimony was so tainted fibercated [sic], deliberate falsehood or Recklessly disregarding the truth.<br>Trial counsel failed to make an objection to the introduction to this man [sic] testimony, counsel committed Perjury in court, He knew of this man at the Preliminary hearing, This was mere [sic] prejudicial to his client. |
| GROUND SEVEN:    | Malice Charge                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| Supporting facts: | Instruction on element of malice in this State Capital murder prosecution which charged that malice is                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |

> implied or presumed from the willful, delibrate and intentional doing of an unlawful act without just cause or excuse. To have state prove each element of charged offense beyond Reasonable Doubt.

(Pet. at 5-15.)

On December 15, 2006, the Respondents filed a motion for summary judgment. By order filed December 18, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences of failing to adequately respond to the motion. After being granted two extensions of time, the Petitioner filed his response to the motion for summary judgment, which included his own motion for summary judgment.

## STANDARD OF REVIEW

### I.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### II.    The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R

to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id.

## DISCUSSION

### I.      Habeas Corpus Relief

With respect to those claims that have been adjudicated on the merits by the state court, habeas relief is warranted only if the Petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. Id. at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Id. at 405-06. A federal habeas court may grant  relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. Id. at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

8

## II.     The Magistrate Judge's Analysis and the Petitioner's Objections

In the R&R, the Magistrate Judge first concluded that a number of the Petitioner's claims were procedurally barred, meaning that the Petitioner had the opportunity to raise these issues but failed to do so.  As the Fourth Circuit held in Longworth v. Ozmint:

> "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" – which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." [O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999)]. And this opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

377 F.3d 437, 448 (4th Cir. 2004).  The penalty for failing to fully exhaust available state remedies is clear: "federal habeas review of federal claims defaulted by prisoners in state court 'pursuant to an independent and adequate state procedural rule . . . is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.'"  Richmond v. Polk, 375 F.3d 309, 322 (4th Cir. 2004) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

Here, the Magistrate Judge found that the following claims were procedurally barred from review: (1) the Petitioner's allegations in ground one concerning conflict of interest, counsel's inadequate investigation into the circumstances of the statement, and ineffective assistance of appellate and collateral counsel; (2) the Petitioner's claim in ground two that the trial court lacked subject matter jurisdiction because the indictments did not conform with the requirements of S. C. R. Crim. P. 3; (3) the Petitioner's claims in ground three related to counsel's lack of experience and lack of subject matter jurisdiction based upon the alleged Rule 3 violation; (4) the Petitioner's claim in ground four that the jury was

9

allowed to convict him based upon a preponderance of the evidence instead of beyond a reasonable doubt; (5) the Petitioner's claim in ground six that his conviction must be overturned because of prosecutorial misconduct in the form of subornation of perjury and false swearing by police; and (6) the Petitioner's claim in ground seven regarding the judge's malice instruction. (R&R at 9-12.)

Next, the Magistrate Judge addressed the Petitioner's remaining claims – which had been exhausted – on the merits and concluded that the state court adjudication of these claims did not result in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). For example, the Magistrate Judge addressed the Petitioner's exhausted ineffective assistance claims and determined that the Petitioner failed to demonstrate that his counsel's performance was deficient and prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-98 (1984). The Magistrate also addressed the state court's treatment of the Petitioner's claims regarding his statement to police, concluding that the state court's findings were a correct application of Miranda to the facts of the case and were not contrary to nor an unreasonable application of Miranda and its progeny. See Miranda v. Arizona, 384 U.S. 436, 444-45 (1966). Finally, with respect to the Petitioner's claim that the trial court did not have subject matter jurisdiction due to a violation of the "180 day rule," the Magistrate Judge noted that a state court's determination that one of its courts has jurisdiction over a purely state law criminal charge is not a matter that is cognizable on federal habeas corpus review. See Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998).

In response to the R&R, the Petitioner filed 35 handwritten pages of rambling and

largely incoherent objections, wherein he simply rehashes previously made and rejected arguments but points to no legal or factual error in the R&R sufficient to alter the outcome of this case. Only on a few pages does the Petitioner point to specific portions or pages of the R&R to which he objects. However, even these references are vague if not entirely incomprehensible. For instance, on page five, he writes that he objects to the R&R "on the grounds of <u>Flagrant dishonesty, grossly inadequate client representation, unethical conduct</u> . . . ." (Obj. at 5.) (emphasis in original). Next, on page eight, the Petitioner objects to the R&R "on the grounds of noncompliance with legitimate discovery request[s]." (Obj. at 8.) Then, on page 16, the Petitioner objects "on the grounds of lack of subject matter jurisdiction." (Obj. at 16.) Toward the end of his objections, the Petitioner identifies various pages of the R&R to which he objects; however, he sets forth no basis for his objection but merely re-alleges the claims set forth in his habeas corpus petition and argues that he is entitled to both summary judgment in his favor and a new trial. Even liberally construing the Petitioner's objections, the Court finds them to be without merit.

After a careful review of the record, including the Petitioner's own motion for summary judgment and objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and incorporates it into this Order.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is adopted and incorporated into this Order; the Petitioner's objections are overruled; the Respondents' motion for summary judgment

11

(Doc. # 11) is granted, and the Petitioner's motion for summary judgment (Doc. #19) is denied.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

March **24**, 2008
Charleston, South Carolina

